### Henry F. C. Dettmer, Appellee, v. Illinois Terminal Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918. Rehearing denied June 22, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Henry F. C. Dettmer, plaintiff, against Illinois Terminal Railroad Company, defendant, for damages for injury to his crops and fencing by flooding, due to the construction of an embankment over a river valley with insufficient openings. From a judgment for plaintiff for $1,125, defendant appeals.

H. S. BAKER, A. M. FITZGERALD and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

BURTON & BURTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 342*—*when successive recoveries may be had for successive injuries by overflow of land due to construction of road.* The duty of a railroad company to so construct and maintain its road across a stream as not to injure adjacent land by throwing water back upon it is a continuing one, and each overflow resulting from a neglect of that duty creates a new cause of action for any injury thereby occasioned to the crops and land, and successive recoveries may be had for successive injuries caused by such negligence.

2. · RAILROADS, § 330*—*what is duty of as to outlets for floods through embankment.* It is the duty of a railroad company, in constructing an embankment and bridges for its right of way over a river valley, to provide ample outlets for the waters of such floods or freshets as men of ordinary prudence could have foreseen, but not against the waters of such extraordinary floods as could not have been reasonably anticipated.

3. RAILROADS, § 349*—*what are questions for jury in action against railroad for injury to crops because of flooding of land.* The questions as to what was an extraordinary flood in a particular river valley and whether the rain which caused injury to the crops of a person near a railroad embankment across the valley was an extraordinary flood, were questions for the jury, in an action against the railroad company for injury to plaintiff's crops because of insufficient outlets in the embankment.

4. RAILROADS, § 330*—*when duty of railroad obstructing flow of water to provide against extraordinary rainfall.* Although a rainfall may be extraordinary, yet if it be such as has occasionally occurred, even though at irregular intervals, it is to be foreseen that it will occur again, and it is the duty of a railroad company which changes the course of a river or obstructs the flow of water by changes in the embankment across a river valley to provide against the consequence of such a rainfall.

5. RAILROADS, § 334*—*when railroad constructing embankment over river valley liable for injury to crops by flood.* Even though the rainfall of a particular year is unprecedented, yet if the act of the railroad company in constructing an embankment over the river

valley and its bridges contributed together with an unprecedented flow of waters in the river to the flooding of the land and injury to the crops of one near the river valley and embankment, the railroad company would be liable for the injury caused thereby.

6. RAILROADS, § 350*—*when damage to crops by flood shown.* In an action by the owner of certain land against a railroad company to recover damages for injury to crops because of the overflowing of his land, alleged to be due to the construction of a railroad embankment across a river valley without leaving sufficient outlets, evidence *held* sufficient to show that plaintiff's crops were damaged by water flooding his lands.

7. RAILROADS, § 349*—*what is question for jury in action to recover for damage to crops because of flooding of land.* In an action by the owner of bottom land to recover damages for injury to his crops by overflow, alleged to be due to the construction of a railroad embankment by defendant across a river valley without leaving sufficient outlets, it was a question of fact for the jury whether such overflow was due wholly to such extraordinary floods as ordinary prudence could not have anticipated, or wholly to defendant's negligence in failing to provide sufficient outlets, or to both such causes.

8. RAILROADS, § 328*—*what is duty as to providing outlets in embankment for extraordinary overflow water.* It is as much the duty of a railroad company to provide outlets in its embankment over a river valley for extraordinary overflow water as for ordinary channel water.

9. RAILROADS, § 350*—*when not shown that damage to crops was caused solely by unusual rainfall which could not have been anticipated.* In an action by the owner of bottom land against a railroad company to recover damages for injury to crops and fencing, alleged to be due to the failure of defendant to provide adequate outlets in its embankment on its right of way across a river valley, evidence *held* not to show that the damage resulting from either of two rains was caused solely by such unprecedented rainfall as could not have been reasonably anticipated.

10. RAILROADS, § 315*—*what are rights of railroad as to change of channel of stream.* Although a railroad company which has constructed an embankment on its right of way across a river valley has the right to change the channel of the river upon its right of way by straightening it out, yet in making such change it has no right to obstruct or in any way interfere with the flow of water.

11. INSTRUCTIONS, § 159*—*consideration as a series.* Any inaccuracy in a particular instruction cannot be complained of where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Dettmer v. Illinois Terminal Railroad Co., 210 Ill. App. 653.

all the instructions, when considered together with the allegations of the pleadings and proofs in the case, fairly state the law.

12. INSTRUCTIONS, § 158*—*how must be considered*. Instructions must be considered in the light of the pleadings and proofs.

13. RAILROADS, § 352*—*when instructions in action for injury to crops because of overflowing of land are correct*. In an action by the owner of land to recover damages for injury to crops and fencing because of the overflowing of his land, due to the construction of a railroad embankment with insufficient outlets, *held* that the instructions, considered as a series, fairly stated the law applicable to the case.

14. RAILROADS, § 330*—*what rainfalls railroad company constructing embankment over river should provide for*. A railroad company constructing a railroad embankment and bridges over a river valley should so construct them as to provide not only against ordinary rainfalls, but for the escape of the water of such unusual and extraordinary floods as it should anticipate will occasionally occur in the future, because they have occasionally occurred after intervals, though of irregular duration, in the past.

15. RAILROADS, §. 353*—*when damages for injury to crops and fencing by overflow not excessive*. In an action by the owner of land against a railroad company to recover damages for injury to crops and fencing by overflow, due to insufficient outlets in defendant's embankment across a river valley, *held* that a verdict for $1,125 was not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.